## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STEVEN W. BERNSTEIN,     :
                     :
     Plaintiff,        :
                     :
     v.              :     CIVIL ACTION NO.
                     :     1:15-CV-2520-RWS
WELLS FARGO BANK, N.A, et     :
al.,                     :
                     :
     Defendants.      :

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint [Doc. No. 18], Defendant McCalla Raymer's Motion to Dismiss [Doc. No. 10], and the remaining Defendants' Motion to Dismiss [Doc. No. 6].

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff has a right to amend his pleadings once, as a matter of course, "(A) 21 days after serving it," or "(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rul 12(b), (e), or (f), whichever if earlier." Absent either of these circumstances, a plaintiff may amend his complaint only with the opposing party's written consent or leave of Court. Fed. R. Civ. P. 15(a)(2). Rule 15 directs the Court to

"freely give leave when justice so requires."

The trial court has "extensive discretion" in deciding whether to grant leave to amend.  Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).  A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile."  Id.  A claim is futile if it cannot withstand a motion to dismiss.  See Fla. Power & Light Co. V. Allis Chalmbers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996).  Leave to amend will be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."  Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

Plaintiff's proposed Amended Complaint [Doc. No. 19-1] asserts the following claims for relief: (1) declaratory judgment; (2) violation of 12 C.F.R. § 1024.41 (pursuant to 12 U.S.C. § 2605(f)); (3) violation of 15 U.S.C. § 1635(b); and (4) equitable accounting.  Plaintiff seeks declaratory relief, compensatory damages, an accounting of his loan, and attorneys' fees.

Defendant McCalla Raymer has filed a response in opposition to Plaintiff's Amended Complaint, contending that amendment as to McCalla Raymer is futile because Plaintiff's Complaint against it fails as a matter of law [Doc. No. 20].  The

remaining Defendants have not filed a response in opposition to Plaintiff's Motion for Leave to File an Amended Complaint. Pursuant to Local Rule 7.1B, failure to file a response indicates there is no opposition to a motion. Therefore, as to the remaining Defendants, Plaintiff's Motion for Leave to Amend [Doc. No. 18] is GRANTED. As to Defendant McCalla Raymer, the Court will analyze Plaintiff's Amended Complaint to determine whether amendment would be futile.

As to Plaintiff's claim for declaratory relief, it appears on its face directed only at Wells Fargo [Doc. No. 19-1, p. 13]. Moreover, Defendant McCalla Raymer, a law firm retained to conduct a non-judicial foreclosure sale of the property at issue, does not have any interest in either the property or Plaintiff's loan. As such, Plaintiff's claim for declaratory relief against Defendant McCalla Raymer fails as a matter of law.

As to Plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, RESPA does not provide for a claim against foreclosure counsel or its employees. See Jackman v. Hasty, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *4 (N.D. Ga. Mar. 8, 2011). Accordingly, Plaintiff's claim against Defendant McCalla Raymer pursuant to 12 U.S.C. § 1024.41 fails as a matter of law.

3

As to Plaintiff's claim under the Truth-In-Lending Act, 15 U.S.C. § 1601 *et seq.*, Plaintiff does not allege that Defendant McCalla Raymer serviced or originated Plaintiff's loan.  As Defendant McCalla Raymer was at no time a party to Plaintiff's loan transaction, any claim by Plaintiff concerning the alleged rescission of this loan transaction is wholly inapplicable to McCalla Raymer. Accordingly, any claim for relief under 15 U.S.C. § 1635(b) against Defendant McCalla Raymer fails as a matter of law.

As to Plaintiff's claim for equitable accounting, this claim appears to be directed only at Defendants Wells Fargo and/or Freddie Mac.  Additionally, this claim is inapplicable to Defendant McCalla Raymer, a law firm which is not the servicer of Plaintiff's loan and does not possess any ownership interest in it. Accordingly, this claim against Defendant McCalla Raymer fails as a matter of law.

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint [Doc. No. 18] is DENIED in part and GRANTED in part.  Plaintiff's Motion [Doc. No. 18] is DENIED as to Defendant McCalla Raymer.  Plaintiff's Motion [Doc. No. 18] is GRANTED as to the remaining Defendants.  As the Court has dismissed Plaintiff's claims against Defendant McCalla Raymer, its Motion

4

to Dismiss [Doc. No. 10] is DENIED as moot.  The remaining Defendants' Motion to Dismiss [Doc. No. 6] is DENIED as moot.  The Clerk is DIRECTED to file Plaintiff's Amended Complaint [Doc. No. 19-1].  The remaining Defendants are ORDERED to respond in accordance with the Federal Rules of Civil Procedure.

Pursuant to Standing Order No. 14-01, this action is hereby **REFERRED** to a magistrate judge of this Court to hear and determine any pretrial matters pending before the Court and to conduct hearings and submit reports and recommendations to the full extent allowed by 28 U.S.C. § 636(b)(1)(A) and (B). The Clerk shall assign the case to the appropriate judge on the assignment wheel.

**SO ORDERED**, this 5th day of October, 2015.

_____
**RICHARD W. STORY**
United States District Judge

5